UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMIN R. FRANCIS, individually, and on behalf of all other similarly situated consumers, | ) Case No.: <br> ) <br> ) <br> ) |
| Plaintiff, | ) CLASS ACTION COMPLAINT |
| v. | ) <br> ) |
| WILLIAMS & FUDGE, INC., | ) JURY TRIAL DEMANDED <br> ) |
| Defendant. | ) <br> ) |

Plaintiff, Jasmin R. Francis, alleges:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.     Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.     Plaintiff is a resident of Brooklyn, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is a corporation doing business in the State of New York, with its corporate headquarters located in Rock Hill, South Carolina, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.     In 2010, Plaintiff incurred a personal student loan obligation from Cornell University.

7.     In May 2019, Defendant began attempting to collect said debt, allegedly due and owing, by sending a collection letter to Plaintiff.

8.     The letter sought $6,673.41 from Plaintiff. The breakdown of this dollar figure is as follows: $3,729.21 in interest, $18.34 in late fees, $25 in other miscellaneous fees, and collection charges of $1,334.68.

9.     First, Plaintiff's underlying contract with Cornell does not provide for the collection of late fees. Accordingly, Defendant's attempt to collect said late fee is deceptive and misleading in violation of Sections 1692e and 1692f.

10.    Second, Plaintiff's underlying contract with Cornell does not provide for the collection of other miscellaneous fees. Accordingly, Defendant's attempt to collect said fee is deceptive and misleading in violation of Sections 1692e and 1692f.

11.    Third, while Plaintiff's underlying contract with Cornell does provide for the collection of collection fees in some instances, the contract has a prerequisite: collection fees can only be sought after the debt collector successfully collects the debt. In the instant case, Defendant never collected any amount from Plaintiff, and therefore it was not entitled to any collection fee. Nonetheless, within Defendant's May communication, Defendant represented to Plaintiff that the fee was in fact owed. In truth, the fee was at best an estimate of what would be owed in the event Defendant was able to collect the full amount. However, even in such a case, the fee would not be

2

due until after the monies were collected. By representing the fee as due and owing, Defendant misrepresented the status of the debt.

12. Fourth, the collection fee sought by Defendant is calculated by taking a percentage of what amount of the balance is placed with Defendant by Cornell. In calculating its fee, Defendant added impermissible fees, such as the late fee and miscellaneous fee, which increased the amount of the collection fee.

## CLASS ACTION ALLEGATIONS

### The Classes

13. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

14. With respect to the Plaintiff's Classes, this claim is brought on behalf of the following classes:

Late and Miscellaneous Fee Class: (a) all consumers nationwide; (b) for whom Defendant was seeking to collect on behalf of Cornell University; (c) for which Defendant attempted to collect either a late fee or miscellaneous fee; (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

Collection Fee Class: (a) all consumers nationwide; (b) for whom Defendant was seeking to collect on behalf of Cornell University; (c) for which Defendant attempted to collect a collection fee; (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

15. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

16. Upon information and belief, Defendant has made similar collection attempts to over forty (40) consumers throughout the United States, each of which violates the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by Defendant, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to

5

declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

31. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10) .

WHEREFORE, Plaintiff, Jasmin R. Francis, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

    b. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    c. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

    d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

Dated this 28th day of April, 2020.

                                                              Respectfully Submitted,

                                                              /S/ Daniel Zemel, Esq.
                                                              Daniel Zemel, Esq. (#DZ9899)
                                                             Elizabeth Apostola, Esq. (#EA0423)
                                                              ZEMEL LAW LLC
                                                             1373 Broad Street, Suite 203-C
                                                             Clifton, New Jersey 07013
                                                             T: (862) 227-3106

F:  (973) 282-8603
dz@zemellawllc.com
ea@zemellawllc.com
Attorneys for Plaintiff